**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24479-CV-MIDDLEBROOKS**

FELIX TRENCO DIAZ,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.
_______________________________________/

## ORDER

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 ("***Petition***") by Petitioner Felix Trenco Diaz ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials since March 2026. (*Id.* at 4, 6–7) Petitioner claims his continued detention violates *Beltram v. Ripa*, No. 2:25-cv-01174-SPC-NPM (M.D. Fla. Jan. 5, 2026) (relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001)).[1] (*Id.*); *see also* (DE 9). As relief, Petitioner seeks an Order from the Court requiring immigration officials to immediate release him from immigration custody. (DE 1 at 7.) Respondent argues that Petitioner is in pre-removal proceedings and, therefore, is subject to mandatory detention under 8 U.S.C. § 1225(b). (DE 8). For the reasons set forth below, the Petition (DE 1) is **DENIED**.

[1] *Zadvydas* is not applicable here because it governs post-removal orders under § 1231 and not pre-removal detention under § 1225. *Zadvydas*, *supra.*

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Cuba who was paroled into the United States on January 15, 1969 at or near Miami, Florida. (DE 7 at 1 citing (DE 8-1, Ex. at 1)). Between February 1991 and April 2025, Petitioner was charged and convicted on multiple occasions of violating Florida law. (*Id.* at 1–2 citing (DE 8-2, Ex. B at 2–3 ¶¶ 7–14)).

On March 28, 2026, after processing the Petitioner, the United States Department of Homeland Security ("***DHS***") found he was an arriving alien not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document; issued him a Notice to Appear ("***NTA***"); and began removal proceedings. (*Id.* at 3 citing (DE 8-2, Ex. B at 3 ¶¶ 15–18)); *see also* (DE 8-1, Ex. A at 1–4).

Two days later, on March 30, 2026, officials took Petitioner into immigration custody. (*Id.* at 3 citing (DE 8-1, Ex. A)); *see also* (DE 8-2, Ex. B at 4 ¶ 19). Since his transfer to ICE custody, Petitioner has remained in immigration custody pending completion of his removal proceedings. (DE 1); *see also* (DE 8 at 3, citing (DE 8-3, Ex. C at 1).

On May 24, 2026, Petitioner filed this Petition seeking immediate release from immigration custody.[2] (DE 1 at 8).

[2] Petitioner maintains he is unlawfully detained and is entitled to release pursuant to a district court's decision in *Beltram v. Ripa*, No. 2:25-cv-01174-SPC-NPM (M.D. Fla. Jan. 5, 2026). In *Beltram*, the Court found the petitioner, who was under a final removal order, was entitled to release from detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there was no significant likelihood that the petitioner would be removed in the reasonably foreseeable future. *See Beltram, supra, Order*, (DE 8 at 7). Neither *Beltram* nor *Zadvydas* are applicable here because Petitioner's removal proceedings are still ongoing with no final removal order entered, and a Master calendar hearing set for August 31, 2026.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Given the allegations in the Petition, I must consider whether Petitioner's pre-removal detention is lawful. Respondent argues—and Petitioner does not dispute—that he is detained as an arriving alien under 8 U.S.C. § 1225(b)(2). (DE 8 at 4–5). I agree.

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Section 1182(a)(7) provides that an individual who "at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . " is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(7). As relevant here, an individual properly characterized "under section 1182(a)(6)(C) or 1182(a)(7)" by an immigration officer shall be removed from the United States "without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of [the INA] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Individuals detained pursuant to Section 1225(b)(1) are subject to mandatory detention without an opportunity for a bond hearing. *See*

*Jennings v. Rodriguez,* 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin."); *see also Rosabal Blanco v. Bondi*, No. 26-cv-00051, 2026 WL 2143696, at * 3 (M.D. Fla. Jan. 28, 2026) ("A noncitizen subject to expedited removal under § 1225(b)(1) is subject to mandatory detention).

That is the situation here. The NTA issued to Petitioner upon his first encounter in March 2026 classified Petitioner as an "arriving alien" and charged him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the INA, which is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . ." (DE 8 at 4); *see also* (DE 8-1, Ex. A at 4).

There is no indication in the record that Petitioner made a claim for asylum. Although it appears Petitioner was initially paroled into the United States (DE 8-1, Ex. A at 1), this does not alter my finding that Petitioner is properly detained without a bond hearing under § 1225(b) because he is properly classified under the same legal status as when he first entered the United States. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'"); *see also Garcia v. United States*, No. 25-cv-1053, 2025 WL 3537592, at *1 (M.D. Fla. Dec. 10, 2025) (finding that, although petitioner spent time in the United States after being released on an order of recognizance and was later re-apprehended, this did not change petitioner's initial classification as an "arriving alien" at the border). Because the "purpose

of parole has been served," Petitioner is classified under the same legal status as when he first entered the United States. *Jennings*, 583 U.S. at 297. Thus, Petitioner's initial release on parole "shall not be regarded as an admission of the alien" and did not change his initial status as an "arriving alien." *Id.* at 288. Accordingly, based upon on the specific facts of this case, I find Petitioner is subject to mandatory detention under Section 1225(b) and is not entitled to an individualized bond hearing.

Although Petitioner has spent almost three months in civil immigration detention at the time he filed the Petition, as Respondent points out, the Supreme Court in *Jennings* held that "[§ 1225(b)(2)] mandate[s] detention until a certain point and authorize[s] release prior to that point only under limited circumstances. As a result, neither [§§ 1225(b)(1) and (b)(2)] can reasonably be read to limit detention to six months." *Jennings*, 583 U.S. at 301 (alterations added). The Supreme Court noted that § 1225(b)(2) "provide[s] for detention for a specified period of time. . . . 'for a [removal] proceeding.'" *Id.* at 299 (quoting § 1225(b)(2)(A)) (alteration in original). "The plain meaning of those phrases is that detention *must* continue . . . until removal proceedings have concluded." *Id.* (emphasis added). Accordingly, Petitioner's extended detention is lawful pursuant to § 1225(b)(2)(A).

Even if his extended confinement were unlawful, I find Petitioner has not met his burden of demonstrating that he deserves the relief requested—immediate release from custody with or without a bond hearing. The exercise of my discretionary authority necessarily requires consideration of all the facts and circumstances surrounding Petitioner's detention by immigration officials. Petitioner was previously paroled into the United States but failed to remain at liberty without violating the law, having been convicted on multiple occasions for violations of Florida criminal statutes. Although I have the power to grant the Petition in part and order a bond hearing,

I am "not bound in every case to exercise such a power." *Ex Parte Royall*, 6 S.Ct. 734, 740 (1886) (affirming that a federal habeas corpus court has the power to discharge a pretrial detainee but was not bound to do so in every case). Petitioner has demonstrated an inability to remain at liberty without violating the law. Thus, equitable principles dictate that I deny the Petition. *See Withrow v. Williams*, 507 U.S. 680, 716–19 (1993).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DENIED**.

2. All pending motions not otherwise ruled upon are **DENIED as moot.**

3. The Clerk of Court **SHALL** close this case.

**SIGNED** in Chambers at West Palm Beach, Florida, this 31st day of August, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Felix Trenco Diaz, *Pro Se***
Alien # 018227831
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101

**Kandia Nataki Batchelor, AUSA**
U.S. Attorney's Office
99 NE 4th Street, 3rd Floor
Miami, FL 33132
Email: Kandia.batchelor-abrahams@usdoj.gov